# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8863 | **DATE** | December 19, 2011 |
| **CASE TITLE** | Nishith P. Pater (#2011-0103015) v. Supt. Lyles, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to make deductions from plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk is directed to issue summons for the defendants, Superintendents Lyles and Curry. The United States Marshals Service is appointed to serve the defendants. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]                    Docketing to mail notices.

## STATEMENT

     Plaintiff Nishith P. Pater, Cook County Jail inmate #2011-0103015, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Cook County Jail Superintendents Lyles and Curry. Plaintiff alleges that another inmate broke plaintiff's nose in January 2011, and that plaintiff never received medical att care for his injury. He contends that he personally spoke to the defendants, but still has not been examined by a doctor for his nose, which he alleges has healed improperly, preventing him from breathing through it. Plaintiff seeks to file his complaint *in forma pauperis*.

     Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the filing fee. The court grants his motion and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $2.00. The trust fund officer of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee, and Cook County Jail trust account officers shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred

**(CONTINUED)**

| | isk |
|---|---|

The court has conducted a preliminary review in accordance with 28 U.S.C. § 1915A. Plaintiff's allegations described above state a colorable claim against the defendants, such that they must respond to the complaint. *See Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (discussing the standard and elements of a claim of deliberate indifference to a serious medical need). The clerk shall issue summonses for service of the complaint on Superintendents Lyles and Curry.

Although plaintiff states in his description of his claims that he seeks to bring a class action, he provides no basis for such a proceeding, and it is clear from his allegations that he intends to bring this case on behalf of himself only and not for similarly situated inmates. The court thus construes the complaint as asserting claims only for plaintiff.

The United States Marshals Service is appointed to serve Cook County Jail Superintendent Lyles (Division 5) and Superintendent Curry (Division 6). Any service forms necessary for plaintiff to complete to accomplish service will be sent by the Marshal. Plaintiff's failure to return forms may result in the dismissal of his claims. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If the Marshal is unable to obtain waivers, however, he must attempt to serve the defendants by personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant, or to defendants' counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.